FROST, Justice,
supplemental concurring and dissenting on rehearing.
I respectfully dissent from the panel’s overruling of the motion for rehearing filed by appellee RGM Constructors, L.P. (“RGM”), except to the extent RGM seeks rehearing as to this court’s reversal of the trial court’s summary judgment and sanctions order as to the claims of appellant Tribble & Stephens Co. (“T & S”) under the Texas Deceptive Trade Practices Act (“DTPA”). In all other respects, I dissent for the reasons stated in my original concurring and dissenting opinion in this case.
Another reason why this court errs in overruling RGM’s motion in its entirety is the plurality’s misplaced reliance on paragraph 4.4 of the subcontract and its erroneous determination that there is uncertainty as to whether RGM is making an extra-compensation claim under that paragraph. In its original opinion, the plurality first states that the plain meaning of “extra compensation” is “compensation given beyond the contract price.” Tribble & Stephens Co. v. RGM Constructors, L.P., No. 14-02-01062-CV, 2004 WL 2400988, at *17 (Tex.App.-Houston [14th Dist.] Oct. 28, 2004, no pet. h.). The plurality then reasons it can only determine whether RGM’s claim is one for extra compensation in reference to RGM’s scope of work under the subcontract. See id. This logic is flawed.
If, as is the case here, RGM does not seek compensation beyond the contract price, then RGM does not assert an extra-compensation claim. The plurality, however, concludes that, because it finds RGM’s scope of work under the subcontract ambiguous, it cannot determine at this juncture whether RGM asserts an extra-compensation claim. See id. The plurality rejects RGM’s argument that a claim for the contract amount is not an extra-com *664 pensation claim. See id. The plurality decides that, even though RGM does not characterize its claim as an extra-compensation claim and even though RGM does not seek compensation beyond the contract price, RGM still may be asserting an extra-compensation claim because RGM contends T & S has wrongfully withheld the contract amount due and wrongfully required RGM to perform work outside the scope of the contract. See id. The plurality concludes that because it finds RGM’s scope of work ambiguous and because RGM’s claims relate to the scope of work, this court cannot determine whether RGM’s claims are for extra compensation until after the finder of fact determines the mutual intent of the parties as to RGM’s scope of work. Presuming for the sake of argument that the subcontract is ambiguous as to RGM’s scope of work, such an ambiguity would not convert RGM’s claim for the full contract price into a claim for compensation beyond the contract price.
Because the plurality has erred in deciding that RGM’s claims may be claims for extra compensation under paragraph 4.4 of the subcontract, and for the reasons stated in my original concurring and dissenting opinion in this case, I respectfully dissent to the court’s overruling of RGM’s motion for rehearing in its entirety. The only part of RGM’s motion for rehearing that should be denied is the part in which RGM seeks affirmance of the trial court’s granting of summary judgment in favor of RGM as to T & S’s claims under the DTPA and the trial court’s granting sanctions against T & S on the DTPA claims. Rehearing should be granted on all other issues.